### DeWitt Gilmore v. The State.

No. 17688.   Delivered November 13, 1935.

The opinion states the case.

*Sam T. Holt* and *J. R. Duran,* both of Carthage, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for theft of an automobile from Eugene Wilkerson, punishment assessed at five years in the penitentiary.

On the night of August 2nd, 1934, Wilkerson had an automobile stolen from him. Tracks observed about the place from

which it was taken indicated that two men and a woman may have been connected with the theft. A witness testified that about ten-thirty o'clock on the night the car was taken she was awakened by two cars which were driven up near her house and stopped. She knew Wilkerson's car and recognized one of them as being his car. She saw appellant get out of this car, and go nearer the other car, and heard him tell someone in the other car, "the damn thing runs good," and then someone in the other car said "let the s— of a b— roll." Appellant got back in the Wilkerson car and drove away. The car was found later. It had been turned bottom-side up in a canyon and burned. The wheels, casings, generator, battery and windshield were missing. The car was identified by the motor numbers. The car which appellant had been driving prior to August had no windshield. Later it was discovered that appellant's car was equipped with a windshield which was identified by Wilkerson as the one which had been on his car when it was stolen. Wilkerson also identified a car jack and other tools which were found in appellant's car as tools which were in Wilkerson's car when it was stolen. The evidence supports the verdict.

The record contains two bills of exception, each of them having been filed in the trial court on April 24, 1935. Motion for new trial was overruled and notice of appeal given on February 23, and court adjourned the same day. We discover no extension of time for filing bills of exception. Art. 760, C. C. P., gives 30 days from adjournment (where the term of court is not longer than eight weeks) within which to file bills of exception without an extension order, but in the absence of such order bills filed after thirty days cannot be considered. The thirty days expired on March 25th and the bills were not filed until a month later. Numerous authorities will be found in the notes under Art. 760, Vernon's Texas Ann. C. C. P., Vol. 3.

The judgment is affirmed.

*Affirmed.*